## DECATUR DRISCOLL

*v.*

## SIMON DURYEE.

WARRANTY—*sale with privilege of return for breach of warranty.* In a suit to recover the unpaid price of horses sold, which, it was alleged, were conditionally sold with the privilege of returning the same within thirty days, or a reasonable time after the trade, if they proved unsound, or not true in harness, the defendant asked the court to instruct the jury that if he offered to return the horses for the reason that they were unsound, or not true in harness, and the offer was refused, then he was discharged from any further performance of the contract: *Held,* that the instruction was properly refused, as it only required the jury to find that the offer to return was made for the reasons stated, when the question of their unsoundness and unwillingness to work at the time of such offer should also have been submitted as a further fact to be found by the jury.

APPEAL from the County Court of De Kalb county; the Hon. LUTHER LOWELL, Judge, presiding.

This was a suit originally brought by the appellee against the appellant, before a justice of the peace, to recover the balance due on the price of two horses sold, and taken by appeal to the county court, where a trial was had resulting in a verdict and judgment for the plaintiff for $36.

The evidence showed that the plaintiff sold the defendant two horses for $300, of which sum $200 was paid at the time. The horses were taken on trial, with the privilege of returning the same if they proved unsound or did not work in harness.   They were to be returned either in thirty days or within a reasonable time, the evidence being conflicting on this point. There was also evidence that the plaintiff warranted the horses to be sound, and that they would work together in harness.

On the trial the defendant asked two instructions, which were refused, in substance, that, if the defendant had the right, under the contract, to return the horses if they were not as represented by the plaintiff to be at the time of the sale, or as warranted, and that within thirty days defendant offered and endeavored to return them because of a breach of the warranty with which they were sold, and that the plaintiff failed or refused to receive them, then the defendant would be excused from further performance or offer of performance on his part, of the contract, by payment or otherwise.

Messrs. DIVINE & PRATT, for the appellant.

Mr. CHARLES KELLUM, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The evidence is conflicting, and the verdict must be regarded as conclusive as to the disputed statements of witnesses.

The refusal of the court to give the second and third instructions in behalf of appellant, is assigned as error.

They were defective, and should not have been given. They were uncertain, indefinite, and would have misguided the jury.

The purchaser was bound, according to the testimony, to return the horses, either within thirty days, or within a reasonable time after the trade.

Both instructions informed the jury that, if the offer to return was made for the reason that the horses were unsound,

or not true in harness, and the offer was refused, then the purchaser was discharged from any further performance. The offer might have been made for that reason, and yet it may not have been true. The hypothesis of unsoundness and unwillingness to work, should have been submitted as a fact.

The instructions were incomplete without the additional words, substantially, "and that the breach of warranty, or lameness, actually existed at the time of the offer to return."

Judgment affirmed.

*Judgment affirmed.*